**Affirmed and Memorandum Opinion filed June 27, 2024.**



In The

# Fourteenth Court of Appeals

## NO. 14-23-00295-CV

**SIDETRADE, INC., Appellant**

**V.**

**HIGHRADIUS CORPORATION, Appellee**

**On Appeal from the 295th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2022-76612**

## M E M O R A N D U M   O P I N I O N

Appellant Sidetrade, Inc. appeals the denial by operation of law of its motion to dismiss part of appellee HighRadius Corporation's tortious interference claim and associated request for injunctive relief under the Texas Citizens Participation Act ("TCPA").[1]  In a single issue, Sidetrade contends that HighRadius's claim must be dismissed because HighRadius seeks to prevent Sidetrade from exercising its free

---

[1] Tex. Civ. Prac. & Rem. Code §§ 27.001-.011.

speech and association rights by prohibiting it from hiring, or even speaking to, current or former HighRadius employees subject to non-compete agreements.

We hold that Sidetrade failed to establish that the TCPA applies to the challenged claim. Accordingly, we overrule Sidetrade's sole issue and affirm the denial of its TCPA motion to dismiss.

## Background

Sidetrade and HighRadius compete with one another in the "order-to-cash" business software market. HighRadius and its employees, including defendants Meeran Shah and Robert Diana, entered into agreements containing non-competition, confidentiality, and non-solicitation provisions. In February and March 2022, respectively, Shah and Diana left HighRadius's employ and later accepted employment at Sidetrade. In November 2022, HighRadius sued Sidetrade, Shah, and Diana. HighRadius asserted that Shah and Diana breached their employment agreements. Against Sidetrade, HighRadius asserted a tortious interference with contract claim, alleging that Sidetrade interfered with the employment agreements of Shah, Diana, and a non-party, Chandler Wooley. HighRadius also alleged that Sidetrade continues to interfere with the agreements of other unnamed current or former employees. According to HighRadius, Sidetrade's interference was willful and intentional because HighRadius previously notified Sidetrade by letter that all HighRadius employees have such agreements and that attempts by Sidetrade to cause HighRadius's current or former employees to violate their agreements would be viewed as tortious. In addition to damages, HighRadius sought to (1) enjoin Shah and Diana from violating their employment agreements, and (2) enjoin Sidetrade "from interfering with HighRadius's agreements by attempting to hire or continuing to employ any HighRadius current or former employee subject to a non-compete clause within one year of the termination of their

2

employment with HighRadius."

The trial court signed a temporary restraining order followed by a temporary injunction granting in part HighRadius's requested injunctive relief against Shah and Diana. The court denied temporary injunctive relief against Sidetrade.

Sidetrade filed a TCPA motion to dismiss, but the motion was limited to HighRadius's claim for tortious interference with the contracts of individuals other than Shah and Diana and the related request for injunctive relief.[2] HighRadius responded to Sidetrade's TCPA motion, incorporating evidence from the previous temporary injunction hearing. HighRadius asserted that Sidetrade's motion to dismiss should be denied for several reasons, including that: (1) Sidetrade did not meet its initial burden to show that the TCPA applies; (2) if the act applies, HighRadius presented prima facie evidence on each element of the challenged claim; and (3) the "covenant not to compete" exemption under section 27.010(a)(5)(B) applies.

The trial court held a hearing on the motion to dismiss but, having not ruled within thirty days, the motion was overruled by operation of law. *See id.* § 27.008. Sidetrade timely filed this interlocutory appeal.

**Analysis**

In a single issue, Sidetrade contends that the trial court erred in failing to grant its motion to dismiss the challenged tortious interference claim because the TCPA applies and HighRadius failed to present prima facie evidence to support this claim.

_____

[2] Specifically, Sidetrade sought to dismiss "HighRadius's claim for tortious interference with the contracts of individuals *other* than Messrs. Shah and Diana and HighRadius's accompanying request for injunctive relief prohibiting Sidetrade 'from interfering with HighRadius's agreements by attempting to hire or continuing to employ any HighRadius current or former employee subject to a non-compete clause within one year of the termination of their employment with HighRadius.'" (Emphasis in original; quoting HighRadius's petition).

3

Although HighRadius opposed dismissal on several grounds, we hold that the TCPA does not apply to the challenged claim and address only that argument. *See* Tex. R. App. P. 47.1.

## A. Standard of Review and the TCPA Framework

The TCPA protects citizens who associate, petition, or speak on matters of public concern from retaliatory lawsuits that seek to intimidate or silence them. *See McLane Champions, LLC v. Houston Baseball Partners LLC*, 671 S.W.3d 907, 913-14 (Tex. 2023). That protection comes in the form of a "special motion to dismiss . . . for any suit that appears to stifle the defendant's exercise of those rights." *Youngkin v. Hines*, 546 S.W.3d 675, 679 (Tex. 2018) (quotation omitted). The TCPA establishes a multi-step process for resolving a motion for expedited dismissal. *Castleman v. Internet Money Ltd.*, 546 S.W.3d 684, 691 (Tex. 2018) (per curiam); *see McLane Champions*, 671 S.W.3d at 914. First, the movant must demonstrate that the TCPA applies—i.e., it must demonstrate that the legal action against it "is based on or is in response to" its exercise of any one of several enumerated constitutional rights. *See* Tex. Civ. Prac. & Rem. Code § 27.005(b). If the movant meets this initial burden, the burden then shifts to the nonmovant to establish by clear and specific evidence a prima facie case for each essential element of its claim. *Id.* § 27.005(c). If the nonmovant satisfies that requirement, the burden shifts back to the movant to establish any valid affirmative defense or other legal ground on which the moving party is entitled to judgment as a matter of law. *Id.* § 27.005(d). The court must dismiss the legal action if the TCPA applies and either the nonmovant fails to present evidence of a prima facie case, or the movant establishes a valid basis for judgment as a matter of law. *See id.* § 27.005.

We review de novo whether the parties have met their respective TCPA burdens. *See Dallas Morning News, Inc. v. Hall*, 579 S.W.3d 370, 373 (Tex. 2019).

In doing so, we view the pleadings and the evidence in the light most favorable to the nonmovant. *See Buzbee v. Clear Channel Outdoor, LLC*, 616 S.W.3d 14, 29 (Tex. App.—Houston [14th Dist.] 2020, no pet.); *Sanchez v. Striver*, 614 S.W.3d 233, 242-43 (Tex. App.—Houston [14th Dist.] 2020, no pet.).

## B. Sidetrade Failed to Demonstrate TCPA Applicability

We first consider whether Sidetrade met its initial burden to show TCPA applicability by demonstrating that the challenged claim is based on or in response to its exercise of free speech or association rights. *See id.* §§ 27.003(a), 27.005. The answer to this question turns on whether Sidetrade's exercise of the enumerated rights was related to or in connection with matters of public concern.[3] *See id.* § 27.001(2), (3); *see also Ernst & Young, LLP v. Ryan, LLC*, No. 01-21-00603-CV, 2023 WL 4239350, at *4 (Tex. App.—Houston [1st Dist.] June 29, 2023, pet. denied) (mem. op.) ("Both the right of free speech and the right of association, as defined in the TCPA, involve matters of public concern.").

A "matter of public concern" is "a statement or activity regarding: (A) a public official, public figure, or other person who has drawn substantial public attention due to the person's official acts, fame, notoriety or celebrity; (B) a matter of political, social, or other interest to the community; or (C) a subject of concern to the public." Tex. Civ. Prac. & Rem. Code § 27.001(7). The legislature adopted this definition in 2019, replacing a prior definition consisting of several discrete topics, including health or safety, the government, and goods, products, and services in the marketplace. *See Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d

---

[3] The TCPA defines "exercise of the right of free speech" as "a communication made in connection with a *matter of public concern*." *Id.* § 27.001(3) (emphasis added). The act defines "exercise of the right of association" as "to join together to collectively express, promote, pursue, or defend common interests relating to a governmental proceeding or a *matter of public concern*." *Id.* § 27.001(2) (emphasis added).

5

127, 131 (Tex. 2019) (reciting prior definition of "matter of public concern"). The 2019 amendments narrowed the meaning of the phrase "matter of public concern." *See Shepard v. Voss*, No. 01-23-00515-CV, 2024 WL 748396, at *7 (Tex. App.— Houston [1st Dist.] Feb. 22, 2024, no pet.) (mem. op.); *Beard v. McGregor Bancshares, Inc.*, No. 05-21-00478-CV, 2022 WL 1076176, at *5 (Tex. App.— Dallas Apr. 11, 2022, pet. denied) (mem. op.).

Sidetrade contends that HighRadius's tortious interference claim, which attempts to restrict its ability "to speak with, recruit, interview, and hire candidates for employment," invokes a matter of public concern because it "relates to the economic interests of the community." According to Sidetrade, its challenged statements and activities relate to the public beyond the parties involved in the lawsuit because they impact "all current and former non-party HighRadius employees."

Sidetrade correctly notes that numerous courts of appeals, including ours, have held that communications relating to non-compete agreements implicate matters of public concern. *See Mesquite Servs., LLC v. Standard E&S, LLC*, 610 S.W.3d 548, 557 (Tex. App.—Amarillo 2020, pet. denied); *Morgan v. Clements Fluids S. Tex., Ltd.*, 589 S.W.3d 177, 183-85 (Tex. App.—Tyler 2018, no pet.); *Abatecola v. 2 Savages Concrete Pumping, LLC*, No. 14-17-00678-CV, 2018 WL 3118601, at *7 (Tex. App.—Houston [14th Dist.] June 26, 2018, pet. denied) (mem. op.). However, the authority on which Sidetrade relies applied the prior version of the act, which defined a "matter of public concern" to include a communication about a "good or services in the marketplace." *See* Tex. Civ. Prac. & Rem. Code § 27.001(7)(E) (pre-2019 version); *Mesquite Servs.*, 610 S.W.3d at 557 ("These communications are matters of public concern because they are about a good, product, or service in the marketplace."); *Morgan*, 589 S.W.3d at 185; *Abatecola*,

6

2018 WL 3118601, at *8 ("[T]he communications [were] in connection with one of the listed matters of public concern—a 'good, produce, or service in the marketplace.'"). This deleted part of the prior definition formed the basis of Sidetrade's cited authority and no longer applies.[4] For this reason, Sidetrade's cases are neither controlling nor persuasive.

The supreme court has clarified that certain kinds of communications similar to those at issue here do not implicate public concerns. Even under the pre-2019 definition, communications involving "a limited business audience" and concerning a "private contract dispute affecting only the fortunes of the private parties involved" were not considered to have been made in connection with a matter of public concern. *See Creative Oil*, 591 S.W.3d at 136-37 (stating communications that are merely "related somehow to one of the broad categories" set out in the statute but that otherwise have no relevance to a public audience are not communications made in connection with a matter of public concern); *see also McLane Champions*, 671 S.W.3d at 916.

Sidetrade's point is that HighRadius's tortious interference claim potentially affects people beyond the parties to this suit.[5] This is true. But to implicate the TCPA in the context of this suit, Sidetrade's challenged statements and activities must regard a matter of political, social, or other interest to the community, or a

---

[4] In working on the 2019 amendments to the TCPA, legislative staff noted that "[s]ince its enactment in 2011, the broadly worded Texas anti-SLAPP law has been used to put an early end to lawsuits in which core constitutional rights have not been invaded, including cases involving trade secrets, *employment non-compete agreements*[,] and lawyer disciplinary actions." House Research Organization, Bill Analysis, Tex. H.B. 2730, 86th Leg., R.S. (2019) (emphasis added), *available at* https://hro.house.texas.gov/pdf/ba86R/HB2730.pdf, at p.6; *see also* Tex. Civ. Prac. & Rem. Code § 27.010(5) (exempting from the TCPA a legal action arising from an employer-employee relationship that, *inter alia*, seeks to enforce a covenant not to compete).

[5] Sidetrade asserts that HighRadius seeks to prevent contact with as many as 4,000 HighRadius employees.

7

subject of concern to the public. The statements and activities forming the basis of HighRadius's challenged claim are Sidetrade's contacts with current and former HighRadius employees to persuade them to join Sidetrade. Whatever Sidetrade said to that discrete group of people to convince them to change jobs has not been shown to be of particular interest to the community generally. Whether Chandler Wooley or any other person works for HighRadius or Sidetrade is not a matter of concern to the public. Any relationship between the challenged conduct and the "public interest" is tangential at best, and a mere "tangential relationship" to a public concern is not enough to satisfy the TCPA (even under the pre-2019 broader definition of "public concern"). *See McClane*, 617 S.W.3d at 915-17. The communications on which this lawsuit is based simply lack "relevance to a public audience." *Id.*; *see, e.g.*, *Lee v. Dynamic SLR, Inc.*, No. 05-23-00297-CV, 2024 WL 1250760, at *2 (Tex. App.—Dallas Mar. 25, 2024, no pet.) (mem. op.) ("Even if the public has a general interest in renewable energy, the allegations in the present case do not involve a matter of public concern under the TCPA."); *Hayman v. Khan*, — S.W.3d—, 2023 WL 4873248, at *3-4 (Tex. App.—Houston [14th Dist.] Aug. 1, 2023, no pet.).

To the extent Sidetrade suggests that its communications with HighRadius employees regard an interest to the community due to the sheer number of potential contacts, we agree with our sister court that "[m]ultiple private concerns do not accrete to form a public concern." *KRJJ Enters. v. Willis*, No. 01-23-00198-CV, 2023 WL 8630985, at *5 (Tex. App.—Houston [1st Dist.] Dec. 14, 2023, no pet.) (mem. op.). Sidetrade's attempt to aggregate the economic impact of enforcing all non-compete agreements is unpersuasive. *See, e.g.*, *id.*; *see also Lee*, 2024 WL 1250760, at *2; *Hayman*, 2023 WL 4873248, at *3 ("When the communication involved does not itself relate to a matter of public concern, the assertion that the

communication could result in a matter of public concern is beyond the reach of the act."); *Morris*, 615 S.W.3d at 578 (although the public shares an interest in the general well-being of children, a particular child custody agreement does not implicate a matter of public concern because the public at large has no stake in the custody arrangements of the child or the parents' agreement to remain silent as to certain matters related to their custody dispute).

Sidetrade also argues that the claim at issue relates to a matter of interest to the community because public sentiment recently has turned against noncompetition agreements. It directs us to a recent rule adopted by the Federal Trade Commission banning employers from enforcing non-compete agreements against workers. *See* Fed. Trade Comm'n, *Fact Sheet on the FTC's Noncompete Rulemaking, available at* https://www.ftc.gov/system/files/ftc_gov/pdf/Non-Compete-Fact-Sheet.pdf (last visited May 31, 2024).[6] This suit, however, does not involve a challenge to noncompetition agreements generally, so the recent FTC rule is not persuasive in demonstrating that Sidetrade's statements and activities regard a matter of interest to the community. Even if it could be fairly said that enforcement of noncompetition agreements is an issue of interest to the community generally, that assumed premise would not justify TCPA applicability here because the act is not triggered when the statements or activities at issue were made merely "against the backdrop of matters that may be of general interest to the public." *Enter. Gaming LLC v. 024 Fam. Off. LLC*, No. 14-22-00244-CV, 2024 WL 89893, at *3 (Tex. App.—Houston [14th Dist.] Jan. 9, 2024, pet. filed) (mem. op.); *cf. also Marrujo v. Wisenbaker Builder Servs., Inc.*, No. 01-19-00056-CV, 2020 WL 7062318, at *5-7 (Tex. App.—Houston

---

[6] At the time Sidetrade filed its brief, the FTC had proposed a rule banning non-compete agreements; since then, the FTC has adopted a final rule banning employers from enforcing non-compete agreements on workers on or after the rule's effective date of September 4, 2024. *See id.*

[1st Dist.] Dec. 3, 2020, no pet.) (mem. op.).

Viewing the record in the light most favorable to HighRadius, we conclude that Sidetrade has not demonstrated that, under current law, the challenged statements or activities regard a matter "of interest to the community" or a "subject of concern to the public." *See* Tex. Civ. Prac. & Rem. Code § 27.001(7)(B), (C). Although this legal action may be of import to the present parties and certain third parties, HighRadius's challenged tortious interference claim has not been shown to be based on or in response to Sidetrade's exercise of the TCPA-protected rights of free speech and association.

We overrule Sidetrade's sole appellate issue.

## Conclusion

We affirm the denial of Sidetrade's TCPA motion to dismiss.


/s/    Kevin Jewell
       Justice


Panel consists of Justices Jewell, Bourliot, and Poissant.